Filed 8/12/15  In re J.S. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | B264164 (Los Angeles County Super. Ct. No. CK67028) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>A.C.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Reversed with directions.

Darlene Azevedo Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Julia Roberson, Senior Associate County Counsel, for Plaintiff and Respondent.

A.C., the mother of the child, J.S., appeals from a Welfare and Institutions Code section 366.26 parental rights termination order. This case was assigned to this Court of Appeal division shortly after the filing of the notice of appeal earlier this year. The mother contends the parental rights termination order must be reversed because of noncompliance with the Indian Child Welfare Act and related California provisions. The parties have stipulated to a limited reversal of the parental rights termination order to allow compliance with the Indian Child Welfare Act and related California provisions. In addition, the parties have stipulated to immediate remittitur issuance. Our colleagues in Division Three of this appellate district reversed the judgment and issued the remittitur pursuant to the parties' stipulation. (*In re J.S.* (Aug. 6, 2015, B264164] [nonpub. order].) The grounds for the stipulated reversal is the failure to comply with the Indian Child Welfare Act and related California provisions. (*Ibid.*) The next day, our Division Three colleagues, realizing the appeal had not been assigned to them, but to us, vacated their opinion and recalled the remittitur. (*In re J.S.* (Aug. 6, 2015, B264164] [nonpub. order].)

The cause having been presented to us, we accept the parties' stipulation. The parties agree there was noncompliance with the Indian Child Welfare Act and related California provisions. We concur in their assessment in this regard. Further, the parties agree the parental rights termination order must be reversed and remanded to permit proof of compliance with the Indian Child Welfare Act and related California provisions.

Our ability to accept a stipulated reversal in the dependency context is discussed in the case of *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382. The present case involves reversible error: the failure to present substantial evidence of compliance with the Indian Child Welfare Act and its related California provisions. (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 736-740; *In re Desiree F.* (2000) 83 Cal.App.4th 460, 471-472.) Under any circumstances, the parental rights termination order would be reversed. Thus, a stipulated reversal advances those interests identified in Code of Civil Procedure section 128, subdivision (a)(8). (*In re Rashad H., supra,* 78 Cal.App.4th at pp. 379-382; see *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th

2

1324, 1329-1330.)  If proper notice and investigation is undertaken and no tribe asserts that the child is of Indian descent, the parental rights termination order is to be reinstated. If a tribe asserts that the child is of Indian descent, the juvenile court is to proceed in compliance with the Indian Child Welfare Act and related California provisions.

The Welfare and Institutions Code section 366.26 order is reversed and the cause is remanded for compliance with the federal Indian Child Welfare Act requirements and related state provisions.  The remittitur is to issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.

We concur:


BAKER, J.


KIRSCHNER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.